IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WILLIAM COOK,

    Petitioner,　　　　　　　　No. CIV S-06-0087 FCD DAD P

    vs.

GEORGE GIURBINO, et al.,　　　　　ORDER AND

    Respondents.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    A filing fee of $5.00 is required to commence a habeas corpus action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Petitioner's in forma pauperis application shows that he had $404.17 in his prison trust account when he brought this action and that his average monthly balance during the six months preceding the filing of the complaint was $237.78. Petitioner's application to proceed in forma pauperis should be denied because petitioner has not demonstrated that he is unable to pay the $5.00 filing fee for this action.

1

1    Under the rules that govern cases brought under 28 U.S.C. § 2254, the district
2 court is required to examine a petitioner's habeas corpus petition to determine whether the
3 respondents should be ordered to file an answer, motion, or other response.  See Rules 3(b) and
4 4, Federal Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition and
5 any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge
6 shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.
7 The rule "'explicitly allows a district court to dismiss summarily the petition on the merits when
8 no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)) (quoting
9 Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

10    The petition before the court does not challenge a judgment of conviction.
11 Rather, petitioner asserts that he has been punished repeatedly at multiple prisons since June
12 1999 for his continuous and ongoing violation of prison grooming standards.  He alleges that he
13 has been subjected to progressive and repetitive discipline, causing him to be denied the
14 opportunity to earn time credits that would entitle him to an earlier release.  He contends that the
15 prison discipline measures to which he has been subjected are excessive.  His ground for relief is
16 "conviction obtained by a violation of the protection against double jeopardy."  Petitioner alleges
17 that he exhausted his double jeopardy claim by presenting it to the Lassen County Superior
18 Court, the California Court of Appeal, and the California Supreme Court in a series of habeas
19 petitions that were denied in 2004.  Petitioner's federal habeas petition is dated January 10, 2006,
20 and was received by the court on January 13, 2006.

21    The only disciplinary convictions at issue are those that were presented to the
22 California Supreme Court in the habeas petition that was denied in 2004.  Petitioner has alleged
23 no facts concerning such convictions.  The undersigned finds it probable that petitioner's federal
24 habeas petition is time barred as to many, if not all, of the disciplinary convictions presented to
25 the state's highest court.  It is unnecessary to resolve the timliness issue, however, because it
26 plainly appears from the face of the petition that petitioner is not entitled to relief in this court.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; Benton v. Maryland, 395 U.S. 784, 794 (1969). It is well established that, "[i]n the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal proceeding." Breed v. Jones, 421 U.S. 519, 528 (1975). Put another way, "the risk to which the Clause refers is not present in proceedings that are not 'essentially criminal.'" Id. (quoting Helvering v. Mitchell, 303 U.S. 391, 398 (1938)). See also Hudson v. United States, 522 U.S. 93, 99 (1997) ("The Clause protects only against the imposition of multiple *criminal* punishments for the same offense.").

For two independent reasons, prison disciplinary proceedings fall outside the range of matters to which the Double Jeopardy Clause applies. United States v. Brown, 59 F.3d 102, 103-04 (9th Cir. 1995) (holding that "the prohibition against double jeopardy does not bar criminal prosecution for conduct that has been the subject of prison disciplinary sanctions"). First, even if prison disciplinary sanctions, including the withholding of good time credits, are punitive, they are integral parts of the prisoner's punishment for his criminal conviction.[1] Id. at 104-05. Second, "such sanctions can still be explained solely as serving the government's remedial purpose of maintaining institutional order–they are designed to punish only insofar as such sanctions enable the government to fulfill its remedial goals." Id. See also Taylor v. Hamlet, No. C01-4331 MMC (PR), 2003 WL 22479939, at *2-3 (N.D. Cal. Oct. 29, 2003) (holding that the Double Jeopardy Clause did not apply to prison disciplinary proceedings in

---

[1] "[C]ompliance with the conditions for awarding good time credit is one of the terms of the original sentence," and withholding such credits does not alter the original sentence but merely means the prisoner must serve a larger part of that sentence in prison. United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995).

1  which the petitioner lost good time credits and was transferred to a higher security prison because
2  such proceedings are not criminal trials).

3        Petitioner's allegations concerning excessive prison discipline do not state a claim
4  under the Double Jeopardy Clause.  The undersigned will therefore recommend summary
5  dismissal of the petition.

6        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a
7  copy of this order and findings and recommendations, together with a copy of the habeas petition
8  filed January 13, 2006, upon the Attorney General of the State of California;

9        IT IS RECOMMENDED that:

10        1. Petitioner's January 13, 2006 application to proceed in forma pauperis be
11  denied; and

12        2. Petitioner's petition for a writ of habeas corpus be summarily dismissed.

13        These findings and recommendations will be submitted to the United States
14  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15  twenty days after being served with these findings and recommendations, petitioner may file
16  written objections with the court.  A document containing objections should be titled "Objections
17  to Findings and Recommendations."  Petitioner is advised that failure to file objections within
18  the specified time may, under certain circumstances, waive the right to appeal the District Court's
19  order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20  DATED: August 28, 2006.

                                                   DALE A. DROZD
                                                   UNITED STATES MAGISTRATE JUDGE

24  DAD:13
    cook0087.156